There we go. Yeah, you can do either one of them. You're ready. It would be a little bit of a problem for Mr. Valentini. Not for you. May it please the court, counsel. The district court sentenced Eric Coleman as a career offender for his drug offenses. On appeal, Mr. Coleman raises a variety of challenges, both factual and legal. Subject, of course, to the court's questions today, I intend to focus my comments on the legal issues presented by Mr. Coleman's appeal. Whether the district court was correct or not about Mr. Coleman's designation depends on whether his prior Illinois offenses for attempted first degree murder and aggravated vehicular hijacking constitute crimes of violence under the sentencing guidelines. If both are not, then he's not a career offender. If either is, then he is. I'll start first with the issue of attempted first degree murder, and I'll acknowledge the temptation to hear the name of the crime, attempted first degree murder, and automatically infer that it must be a crime of violence. But of course, we've learned through the categorical approach that there's more required, and we must consider the definitions of the relevant comparison offenses. In this case, Mr. Coleman's position is that the Illinois definition of attempt is broader than the guideline definition of attempt, and therefore, his conviction is not a crime of violence. The reason for the overbreadth is model penal code section 5.01 subsection 4 provides for the affirmative defense of voluntary abandonment. And that provides that if an individual who has taken a substantial step toward the commission of a crime voluntarily abandons that effort or prevents the commission of the crime, that person is not guilty of attempt. That is an affirmative defense that has been adopted by the majority of states, mostly by statute, but to some degree by case law, but not by the state of Illinois. Now, for this argument to fly, of course, I can persuade the court that affirmative defenses are relevant to the categorical approach, and they are. The Supreme Court has never expressly addressed this question. What about the flat statement in Mathis? And the follow-up, and you're welcome to take them in any order, is did the flat statement in Mathis do away with anything we might have said in Medina, Valencia? I don't believe so, Your Honor, because, as I said, the Supreme Court has never expressly addressed the question. Well, now, I don't mean to hold you up and expressly, but they say elements are the constituent parts of a crime's limited evidence, the things the prosecution must prove to sustain a conviction. That's awful close on elements, because that's what we're supposed to look at. Go ahead. What I draw from Mathis is a reiteration of the idea that courts are not to look to the underlying facts, and elements are, admittedly, the focus of the categorical approach, but affirmative defenses were not an issue in Mathis. And, in fact, two years before, in Moncrief v. Holder, the Supreme Court didn't address this question expressly, but got fairly close. There, the issue was whether a Georgia marijuana trafficking offense, how that compared to the federal marijuana trafficking statute, and that would have immigration consequences for the petitioner there. And there, the Supreme Court expressly rejected the government's argument that because the elements, just the core elements of the federal offense versus the Georgia offense lined up, that was enough. And that's because the federal offense has this, essentially, affirmative sentencing defense, or an affirmative sentencing factor in which the defendant bears the burden of proof, that if the defendant can show that he or she distributed only a small amount of marijuana for no remuneration, then it's a misdemeanor. So, there, I view Moncrief as rejecting a purely elements-only approach, and Mathis not really expressly addressing the question, how affirmative defense is. As you know, the Ninth Circuit said no to that argument. Is the Ninth Circuit right or wrong? The Ninth Circuit's wrong, and other circuits admittedly have said no to that argument, too. The Fifth Circuit, as well. What's wrong with what the Ninth Circuit said? So, the issue is, I think, the over-reliance in the Supreme Court focusing on elements in its decisions where it hasn't expressly addressed the question of affirmative defenses. And going back to the 1990 Supreme Court Taylor case, the court talked about the categorical approach in analyzing the definition of an offense. And, in most cases, that's looking expressly at the elements. But, in my view, when you're looking at elements versus facts and affirmative defenses, affirmative defenses fit into the definition of an offense. Even though it's a different thing than an element, it's something closer to an element than a fact. So, it's somewhere in between, and, again, I do think that Enable NCDA remains good law because the Supreme Court hasn't addressed that point expressly. So, fitting that in with the enumerated clause, of course, attempt appears in the commentary to 4B1.2 in murder as an enumerated defense. The argument here, just to be clear about it, is because guideline attempt means something different than Illinois attempt, that Illinois attempt is over-inclusive. And then, with respect to the force or elements clause, the argument is, well, if this affirmative defense exists, or doesn't exist, I should say, an individual in Illinois can still be guilty of attempt, even though he or she prevented the use of force by essentially backing up the offense, which makes it broader than the concept of attempting or using force. So, for those reasons, Mr. Coleman would assert that the attempt crime is not a crime of violence. I have limited time, so I'll move to the issue of aggravated vehicular hijacking. And I would acknowledge that I have some, I would say, landmines as far as prior case law from this Court on both the vehicular hijacking statute in Illinois and robbery. But, as I said in my briefing, there are some distinctions there. The bottom line is that this offense is not a crime of violence because of Borden and the idea that crimes that could be committed by the reckless application of force are not crimes of violence. And textually, my view is, the vehicular hijacking statute does not expressly have a mens rea requirement with respect to the element of use of force. It's taking a use of force with nothing expressed regarding the mens rea requirement for the force. If we go back to Illinois' general statute on mental states, that is Code Section 5-4-3, and we know that we look to the other mental state statutes, and any of those can apply if the statute for the crime doesn't expressly say what the mental state requirement is. And one of those allowable mental states is recklessness. And I know I have to distinguish this from BRAG, for example, which addressed the issue of Illinois robbery. And what I'd say about BRAG is, one, it's certainly obviously under persuasive authority given the similarities between the robbery and vehicular hijacking statutes. But BRAG decided the case based on realistic probability. And I would agree with BRAG that it's difficult to imagine a reckless taking of property. Where I would disagree is that although a taking can be intentional, or is usually intentional, the force applied in either the robbery or the vehicular hijacking can certainly be reckless. And I admittedly, I think the text is very clear that that's a possibility that could result in conviction. So I don't have a specific case to point to, but I don't think it's a fanciful example. Imagine somebody left their car running, a thief intended to take the car, didn't see that the owner was coming, and they both reach for the door at the same time, and the thief knocks into the owner of the car unintentionally. That's a reckless application of force with an intentional taking. That might be on my mind because my car got broke into last night, so I've got to imagine just changing that scenario a bit. But I don't think it's fanciful, and I think that's what the realistic probability test is trying to avoid. If there are no further questions, I would reserve the remainder of my time for rebuttal. Very well. Thank you. Good morning. I'm Nicholas LaCour, in counsel. My name is Francesco Valentini, and I represent the United States. The defendant has raised three claims on this appeal. As to the threshold factual claim, whether it's attempted first-degree murder, and is armed carjacking convictions are too old to qualify under the guidelines, our brief explains why the claim does not show error, and certainly does not show clear error under the standards that apply to the district court finding. The defendant has offered no response to our briefing in the reply, so unless the court has any questions about that claim, I would spend the remainder of my time here today on the legal challenges that the defendant has raised in this case. As the defendant acknowledged, to prevail here, the defendant must show that neither attempted first-degree murder under Illinois, nor armed carjacking, which I use as an informal characterization of aggravated vehicle or hijacking, qualifies as a crime of violence. But in fact, both qualify as crimes of violence under the guidelines for the reasons we explain in our brief. So, very briefly, let me start with the armed carjacking offense, which is a crime of violence under both the elements clause of the guidelines, as well as the enumerated offense clause of the guidelines. Let me start with the force clause, the elements clause. Just a few months before the United States versus Bragg held, carefully considered the Illinois nearly identical pre-2012 armed robbery statute, and Bragg carefully considered the case law, as well as the statutory structure, and he concluded that while it is possible that taking could in some instances be reckless, as to the force elements of the offense, more than recklessness is required, and knowledge is required. Someone under Illinois law cannot rob someone else by a reckless application of force. That whole thing is dispositive here, because the two statutes are essentially, this case calls a for sure from the robbery statute, because the robbery, because armed carjacking is simply a special application of the overall general robbery statute under Illinois law, where the property at issue is a vehicle that is pronouncement that the Illinois Intermediate Court made in People versus Jackson, the People versus Aguilar, this court itself recognized in United States versus Sykes, as it addressed a slightly different, distinct legal claim, as to the same statute of the later version. And if anything, it's even more far-fetched to imagine a reckless use of force in connection with an armed carjacking than it is with respect to a simple robbery. The defendant has not, has offered two responses, but none of them meaningfully address the questions presented here. First they say, the defendant says, well, robbery is a different statute than the armed carjacking statute under Illinois, that is true, but they don't point to any meaningful, any textual or case law difference on which a meaningful difference in the analysis, or distinction in the analysis could be arrested. And the defendant has not offered any, and the defendant also argued today that essentially United States versus Brad was wrongly decided, but that is of course not a question for this panel to consider, given the presidential value of the decision in United States versus Brad. So if I can move on quickly to the extent that the court considers the- What about the hypothetical that Mr. Hanson gave toward the end of his argument about the carjacking situation that seemed to involve reckless intent? It didn't seem to be too fanciful. It is not too fanciful as a factual scenario. What is not accurate is that it would constitute robbery under the Illinois statute, and that's because of the case law that decided United States versus Brad. Decisions like People versus Denny, or Dennis, where the Illinois Supreme Court held that, or stated, explained that the gist of the offense of robbery is the force or fear of violence directed at the victim in order to deprive him of the property. In the example, the very recklessness aspect of the example rests in the fact that that force was not directed at the victim. It was directed at the door. So that would not qualify as robbery under Illinois case law. We also cite another decision, which is also in point, or elucidated by the Illinois Supreme Court, which is People versus Blake, where the Illinois Supreme Court stated that robbery is complete when force is used or threatened, and I'm quoting, to cause the victim to part with possession or custody of the property. Again, to cause expresses the precise directionality that was at issue in Borden, which is the reason why in Borden the Supreme Court said, well, recklessness is not really enough, because the elements clause requires the use of force against the person of another, against requires a, quoting Borden, demands that the perpetrator direct his action at or target another individual. That is what Illinois law, as interpreted in People versus Denny, for instance, requires. I also wanted to touch on the other offense that is at issue. Again, the court does not need to resolve the attempted first degree murder question if it's satisfied with the armed carjacking offense that qualifies under the guidelines. But I would just very briefly make a few points. First, that offense qualifies under the elements clause, irrespective of whatever scope of generic attempt in the jurisdiction. And that is because the elements clause defines a crime of violence as a crime that has as an element for the use or attempted use or for any use of force. So the focus on the elements with respect to the elements clause, as opposed to affirmative defense and to the exclusion of affirmative defenses, it's really into the statute, it's into the guideline provision itself. So you say our decision in Medina, Valencia is against the statute? Well, so Medina, Valencia did not involve the force clause, the elements clause. It involved a definition of crime of violence which was linked to a sexual abuse, a case involving sexual abuse. It rested on an enumerated offense under the guidelines. And so first I wanted to put to rest the question as to under the elements clause. Under the elements clause, there is no question under the text of the statute that affirmative defenses could have counted. Now, moving on to the enumerated offense where the courts do look to attempt and the generic definition of attempt under the commentary. And in that sense, that's where Valencia Medina does come into play. And as Your Honor suggests, I know Your Honor authored Valencia Medina as well, but we think that Mathis displaces the type of analysis that was endorsed in Valencia Medina because Mathis refocuses the categorical approach inquiry squarely on the elements of the offense and in no unambiguous terms says what elements means. Those are what the prosecutor… But Mr. Hansen's right that the Supreme Court hasn't addressed affirmative defenses. It is correct that the Supreme Court has not directly addressed affirmative defenses. As to that, however, there's a flip side to that. I also want to make clear that nothing in Montclair suggests that the Supreme Court addressed affirmative defenses. Because as the Ninth Circuit decision that Your Honor referenced in Albino Ley, Lowy explained, Montclair only pertained and addressed an exception, the social sharing exception to the use of marijuana. But the Supreme Court was very clear that what was critical to its holding is that, and I want to get this exactly right, that what was critical to the Supreme Court decision was the marijuana distribution and appointing is neither a felony nor a misdemeanor until we know whether the conditions for the social sharing exception attacked. So that was not an affirmative defense. So the Ninth Circuit is exactly right in its treatment of Montclair. And, of course, that is also consistent with the Fifth Circuit holding in Escalante. To the extent, very briefly, to the extent that the court were to reach the generic offense definition of attempt, we don't think that the bare majority, that even under the defendant's version of the legal landscape, may lead to maybe 26, maybe a couple more state statutes, would support the result of the defendant as the court reached in this case. The commission could not have intended to exclude from the definition of attempt under the guidelines every federal attempt crime. Because we know under the United States v. Young, as this court found, federal attempt never includes this affirmative defense that the defendant would like to read into the generic definition of attempt. So unless the court has any questions about any of the matters before this appeal, we would ask the court to perform. Thank you. I'll respond to a couple of issues raised in Kevin's argument. First, with respect to aggravated behavior, hijacking, I disagree. I don't believe the Illinois courts have expressly addressed, or expressly, there's not a case that expressly says the reckless force is insufficient. I would point the court to the redacted v. redacted case that I said in my reply brief from the District of D.C. There, the District Court was considering whether a Maryland robbery offense could be committed recklessly, and the court went to the effort of doing the state survey to determine in how many states reckless force is sufficient versus in how many states intentional force is required. You'll see there, in that case, the District Court found that Illinois was among the states that textually allows reckless force to be sufficient for a conviction, and found that Illinois was in the minority in that respect. I will also address the issue of attempted first-degree murder. I acknowledge that the elements for force clause, by virtue of its name, as an element, etc., etc., etc., but you have to go to 4B1.2a, and it says that a crime of violence is an offense. So you have to determine whether it's a guideline offense, how that fits with the state definition, before you get to the question of how the elements fit in. And thus, the text of 4B1.2 does not foreclose Mr. Colvin's argument. If everyone has no further questions, I'd ask the court to reverse domain and move to sentencing. Very well. Thank you, counsel. The court appreciates your appearance and arguments. The case is submitted, and we'll issue an opinion in due course.